FILED

JAN - 3 2007

Jan. 3, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JH

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEAL AMOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PENSKE LOGISTICS, | ) |
| | ) |
| Defendant. | ) |

**07CV16**

**JUDGE SHADUR**

**MAG. JUDGE DENLOW**

COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS

**JURY DEMANDED**

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution, the Age Discrimination in Employment Act ("ADEA") of 1967, and the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 *et seq.*. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343 and 1331.

2.     Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3.     Plaintiff, Neal Amos, has fully complied with the procedural requirements of the ADEA and the ADA. He filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4.     At all times herein mentioned, Plaintiff, Neal Amos (hereinafter "Amos"), was employed by the Defendant Penske Logistics (hereinafter "Penske").

5.     At all times herein mentioned, Defendant, Penske Logistics, was and is believed and alleged hereon to be a limited liability corporation duly organized, existing, and operating

- 1 -

within the jurisdiction of this Court. Penske is also an employer subject to suit under the ADEA and the ADA in that this Defendant is engaged in an industry affecting commerce, and has 20 or more employees for each working day of 20 or more calendar weeks in the year of and preceding the filing of this Complaint.

## FACTUAL ALLEGATIONS

6.      Defendant Penske is in the business of tracking vehicle parts from distributors to Ford Motor Company plants.

7.      Plaintiff began employment with Penske in 1998. At all relevant times described herein, Plaintiff was employed in the position of "material follow-up."

8.      At all material times, Plaintiff performed his job according to his employer's legitimate expectations.

9.      In June of 2005, Plaintiff received a new supervisor, Phil Conrad.

10.      After Conrad's assignment as Plaintiff's supervisor, Conrad and fellow employees continually harassed Plaintiff because of his age and disability. This harassment included, but was not limited to, verbal harassment whereby Plaintiff was yelled at for being too slow and too old.

11.      At that time, Plaintiff was 61 years old and suffered from diabetes.

12.      Unlike similarly situated younger and non-disabled employees, Plaintiff was also forced to repeatedly change shifts, which was difficult for him, given his disability and necessary medical treatment. The changes in shifts made it extremely difficult for Plaintiff to perform his work; however, Plaintiff was a qualified person with respect to his employment in that, with a reasonable accommodation, he could perform the essential functions of his job.

13.     Plaintiff's supervisor had knowledge of Plaintiff's disability and his difficulty in constantly changing shifts; however no accommodations were made.

14.     Because of his age, Plaintiff was denied training and was forced to work with old and/or defective equipment while similarly situated employees were not.

15.     On October 24, 2005, Defendant terminated Plaintiff. His termination was discriminatory in violation of the ADEA in that it was caused by his age and was discriminatory in violation of the ADA in that Defendant terminated Plaintiff because of his disability.

16. ·    As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

17.     The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to Plaintiff. Thus Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

18.     On November 3, 2006, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff received the Notice on November 7, 2006. Therefore, this Complaint is timely filed.

## COUNT I

### PLAINTIFF AGAINST DEFENDANT FOR VIOLATION OF THE ADEA

19.     Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

20.     Plaintiff was within the protected age group, as he was 61 years old at the time of his termination.

21.     Plaintiff was performing according to his employer's legitimate expectations.

- 3 -

22.     Plaintiff was terminated because of his age while similarly situated younger persons were retained and/or hired at the time of Plaintiff's termination who had the same position as Plaintiff.

23.     Defendant's actions as described above are in violation of the ADEA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his age (61).

24.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II

## PLAINTIFF AGAINST DEFENDANT FOR VIOLATION OF THE ADA BY REFUSING TO PROVIDE A REASONABLE ACCOMODATION

25.     Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

26.     Plaintiff is disabled in that his diabetes causes him to be substantially limited in the major life functions of sleeping, walking, and seeing.

27.     Plaintiff is a qualified person with a disability in that Plaintiff can perform the essential functions of his job with a reasonable accommodation.

28.     Any reasonable accommodation needed by Plaintiff would not have caused an undue hardship on Defendant; however, Defendant refused to make available any reasonable accommodations to Plaintiff.

- 4 -

29.     Defendant's actions, as described above, are in violation of the ADA, as Defendant did not offer Plaintiff, a qualified individual with a disability, an available reasonable accommodation.

30.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT III

### PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINIATION IN VIOLATION OF THE ADA

31.     Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

32.     Plaintiff was within the protected category – disabled – in that he suffered from diabetes.

33.     Plaintiff was performing according to his employer's legitimate expectations.

34.     Plaintiff was terminated because of his disability while similarly situated non-disabled persons were retained and/or hired at the time of Plaintiff's termination who had the same position as Plaintiff.

35.     Defendant's actions as described above are in violation of the ADA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of his employment because of his disability.

36.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT IV

### PLAINTIFF AGAINST DEFENDANT FOR HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE ADEA AND THE ADA

37.     Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as though fully set forth at this place.

38.     During the course of his employment with Defendant, Plaintiff was repeatedly subjected to verbal harassment on the basis of his age and disability. He was also forced to work different schedules and with different equipment than were his younger and/or non-disabled similarly situated employees.

39.     The foregoing harassment unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, and/or offensive working environment. Defendant violated Plaintiff's rights in that Defendant required Plaintiff to work within a known harassing and hostile working environment and thereby failed to provide employment conditions and relationships where Plaintiff could work safely and be free from harassment.

40.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of a hostile work environment, discrimination, and harassment, the invasion of a right to be free from a hostile work environment, discrimination, and humiliation, which has manifested in physical and

emotional distress, and further has negatively impacted his future ability to support himself, harmed his earning capacity, disrupted his personal life, and caused loss of enjoyment of the ordinary pleasures of life

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Neal Amos, requests, the following relief on all his claims:

A.    That the Defendant be required to pay to the Plaintiff backpay and frontpay (where appropriate) with benefits and with interest, in amounts to be proven at trial.

B.    That Plaintiff be granted general and compensatory damages in an amount to be determined at trial.

C.    That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial.

D.    That Plaintiff be granted pre-judgment interest in an amount to be ascertained.

E.    That the Court grant to Plaintiff his reasonably incurred attorneys' fees, costs, and litigation expenses.

F.    That the Court grant such other and further relief as the Court may deem just or equitable.

By: _Meghan A. Gonnissen_
Meghan A. Gonnissen

ED FOX & ASSOCIATES
Attorney for Plaintiff
300 W. Adams St., Suite 330
Chicago, IL 60606
(312) 345-8877

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

BY: *Meghan A. Gonnissen*
Meghan A. Gonnissen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams St., Suite 330
Chicago, Illinois 60606
(312) 345-8877

- 8 -